BURK *v.* BURK.

1. DIVORCE—ALIMONY—SUPPORT OF ADOPTED CHILD.

In view of the provisions of the adoption statute (3 Comp. Laws 1915, § 14142) that upon adoption the adopted child becomes "the same as if he or she were in fact the child of such person or persons," the statutes (3 Comp. Laws 1915, §§ 11407, 11414) empowering the court to award alimony to the wife and "such children of the

marriage as shall be committed to her care and custody," must be construed to include adopted children.

2. SAME—DUTY OF DIVORCED HUSBAND TO SUPPORT ADOPTED CHILD. A husband who consented to the adoption of a child obligated himself to support said child, and the fact that the wife later secured a divorce from him and was awarded the custody of the child would not relieve him of said obligation.

3. ADOPTION—PROBATE COURT PROCEEDINGS—VALIDITY—CONSENT— SUFFICIENCY.
Where the records of the probate court in adoption proceedings show that the "mother and only parent" consented to the adoption, said proceedings were valid under 3 Comp. Laws 1915, § 14139, it being reasonable to infer therefrom that the paternal parent was dead, and the consent of the mother was within subdivision 1 of the statute.

4. SAME—PETITION NEED NOT FOLLOW EXACT LANGUAGE OF STATUTE.
The mere fact that the petition for adoption is not in the exact language of the statute in regard to the consent of the parent or parents would not invalidate it if such facts were stated therein as would bring the consent clearly within one of the three subdivisions of the statute in regard thereto.

Appeal from Wayne; Dingeman (Harry J.), J. Submitted January 5, 1923. (Docket No. 48.) Decided March 22, 1923.

Bill by Augusta Burk against Ben Burk for a divorce. From an order denying a motion to modify the decree respecting alimony, defendant appeals. Affirmed.

*Edward Pokorny*, for plaintiff.

*Dudley J. Kavanagh*, for defendant.

BIRD, J. In August, 1918, plaintiff obtained a decree of divorce against defendant in the Wayne circuit court, on the ground of extreme cruelty. The decree

gave plaintiff the custody of their adopted child, Mary, who was then 2 years of age, until she should arrive at the age of 14 years. The decree further provided that defendant should pay to plaintiff $4 a week for the care and support of said child. For a time defendant complied with this order, but finally ceased altogether to make payment, and plaintiff secured an order of court directed to him to show cause why he should not be deemed guilty of contempt of court for his failure to pay alimony for the support of the child. Defendant's answer to this order was the filing of a motion to modify the decree by striking out all reference in the decree to the adopted child. This was the only cause shown. This motion was denied and defendant has appealed.

Two questions are raised:

(1) That the statutory authority to award alimony does not include the right to award alimony to adopted children.

(2) That the adoption proceedings were invalid.

1. Section 11407, 3 Comp. Laws 1915, provides that upon granting a decree of divorce,

"the court may make such further decree as it shall deem just and proper concerning the care, custody and maintenance of the minor children of the parties."

And section 11414 empowers the court to "award alimony to the wife and *such children of the marriage* as shall be committed to her care and custody."

Defendant's argument is that the language of the statute "such children of the marriage" does not include adopted children. The adoption statute provides:

"Whereupon such child shall, in case of a change of name, thereafter be known and called by said new name, and the person or persons so adopting such child, shall thereupon stand in the place of a parent or parents to such child in law, and be liable to all

the duties and entitled to all the rights of parents thereto, and such child shall thereupon become and be an heir at law of such person or persons, the same as if he or she were in fact the child of such person or persons." 3 Comp. Laws 1915, § 14142.

If we close our eyes to all other statutes except the alimony statute, defendant's construction is probably a reasonable one.    But in construing it we must construe that statute in connection with the adoption statute, and when we do, there is not much difficulty in arriving at the conclusion that adopted children should be construed to be within the meaning of the word "children" in the alimony statute.    In passing the adoption statute the legislature evidently intended, in so far as language would make it possible, to place the adopted child in the family in the same position as the natural child.    When we keep this view in mind in reading the two statutes it becomes a reasonable construction to say that an adopted child stands in the same relation to the parents as the natural child.

When defendant consented to the adoption proceedings he obligated himself to care for and support the little girl, Mary.    When, and how, and by what means, has he been relieved of this obligation?    The fact that his wife secured a divorce from him would not relieve him of that duty, neither would the fact that the little girl lives with the mother after divorce relieve him of her support.    The decree of the court did not relieve him, it simply provided the *quantum* of support which he should furnish and the times within which he should furnish it.    This obligation upon the part of defendant rests upon him in no different way than as though Mary was a child of his own blood.    The alimony statute must be construed as including adopted children as well as natural children.

2. The adoption statute provides that:

"Such adoption, and in case a change of name is desired, such change of name, shall be with the consent of the persons hereinafter described, viz.:

"1. In case the parents of such child, or either of them, are living, then with the consent of such parents or the survivor of them;

"2. In case such child is abandoned by one of its parents, then with the consent of the other parent;

"3. In case such child be illegitimate, then with the consent of its mother."     3 Comp. Laws 1915, § 14139.

The records of the probate court show that "Helen Layman, mother and only parent" consented to the adoption. The point made against the validity of this consent is that it does not show under which of the three heads of the foregoing statute it belongs. If Helen Layman was the only parent the child had, it is quite reasonable to infer that her paternal parent was dead. The plain inference from this statement brings it clearly within the first subdivision. The mere fact that the petition is not in the exact language of the statute would not invalidate the consent if such facts were stated therein as would bring the case clearly within one of the three grounds. This objection must be overruled.

These conclusions are in keeping with the conclusions arrived at by the chancellor, and his order will be affirmed.

Wiest, C. J., and Fellows, McDonald, Clark, Sharpe, Moore, and Steere, JJ., concurred.