No. 12,268.

BROWN ET AL. *v.* ESTATE OF ROCHE.
(288 Pac. 890)

Decided May 19, 1930.

Mr. CASS M. HERRINGTON, Mr. FRANCIS J. KNAUSS, for plaintiffs in error.

Mr. EDWARD P. COSTIGAN, for defendant in error.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

MARTHA A. Brown and Hazel Brown Flanagan, sole heirs at law of D. W. Brown (who died in June, 1922) filed against the Estate of John J. Roche (who died in January, 1927) a claim for 1212 shares of stock in the Rocky Mountain Fuel Company. The county court allowed the entire claim. On appeal to the district court, there was introduced certain evidence that had not been presented to the county court, and the claim was allowed only to the extent of 12½ shares, being the number of shares admitted by the administratrix to belong to the claimants. The claimants say that the judgment should be reversed.

The claim is based solely upon a memorandum admitted to have been written by John J. Roche. It is marked Exhibit A and is as follows: "Apr 4th 1922— In settlement made this date between D. W. Brown and John J. Roche on Pfd and Common Stock R M F Co, there are            shares of Pfd and Common Stock Said Co—Still due D W Brown—John J Roche." In the original there appears between the word "are" and the word "shares," in the place indicated in the copy by a blank space, the number "12/2." The claimants contend that this means 1212. The administratrix contends that the third character is not the figure one but a fraction line, that the numerator 1 was omitted

through inadvertence, and that the number was intended to be 12½, not 1212; and the district court so found.

The findings of the district court are amply supported by competent evidence. The custom of the company, upon selling its bonds, was to give the purchasers preferred and common stock as a bonus. D. W. Brown was president of the Rocky Mountain Fuel Company and John J. Roche was its vice president. In order to divide the control between them, they pursued the practice of buying outstanding stock and bonds and from time to time dividing between them the stock and bonds so purchased. On December 20, 1921, they had a settlement and a division of stock and bonds then on hand. That was the last settlement and division prior to the one in question. On April 1, 1922, Roche purchased from P. E. Cleland, for $1,397, 25 shares of preferred stock and 25 shares of common stock, together with the bonds accompanying them. On April 4, 1922, Brown and Roche were in the latter's office. Miss Springer, secretary-treasurer and director of the company, was present. Brown was to leave for New York the next day. Roche handed Brown a small package of fuel company bonds, which, Miss Springer testified, "looked like half of the Cleland bunch, and I understood that they were half of them." Brown asked Roche how much they were. The witness said that Roche told him "six hundred and ninety-some dollars," and Brown said, "All right, Roche, I will send over my check for the amount." The witness was "quite sure" that at that time she saw Exhibit A; that "it was attached to the bonds." After Brown left, Roche handed to the witness a memorandum in his handwriting, and she put it in the 1922 files. It is marked Exhibit F and reads as follows: "Apr 4th—1922. On settlement made this day between D W Brown and myself—there are still due Mr Brown 12½ Shares. each Pfd & Common Stock. R M. F. Co—Roche." The number of shares was written thus: "⁄2⁄2." Miss Springer testified: "Dur-

ing the period in which I was secretary of the Rocky Mountain Fuel Company [ever since February 22, 1913], and with special reference to the period from April, 1919, to the death of Mr. Brown on June 14, 1922, there was no stock transaction or bond transaction involving the purchase or sale or transfer which dealt with 1212 shares of the stock of the Rocky Mountain Company. There never was a transaction as large as 2424 shares of stock, in which Mr. Roche and Mr. Brown were concerned, or any other stockholders of the company were concerned." In Exhibit A the third character in the number is noticeably different from the figure 1 in the same number. It is longer and lighter and is slightly curved. Handwriting experts examined specimens of Roche's handwriting, with special reference to his customary manner of writing 1 and of making the fraction line, and each testified, one in so many words and the other in substance, that in his opinion the third character in Exhibit A is a fraction line. Roche sometimes made his fraction line terminate on the writing line, as in Exhibit A, and sometimes below the writing line, as in Exhibit F. Each of the experts also testified that in his opinion Exhibits A and F were made practically contemporaneously. Upon consideration of all the evidence, the trial court found that the two papers "were evidently made at the same time, and were taken from the same pad or block;" and that "the third figure, or dash, or line [in Exhibit A], was never intended for the figure 1;" that it was intended for a division line, and that Roche omitted or neglected, in his hurry, to write the figure 1 above the division line. The court's conclusion that the number of shares held by Roche for Brown was not 1212, but $12\frac{1}{2}$, is the only conclusion reasonably deducible from the evidence.

It is suggested that certain evidence that the court admitted over the objection of counsel for the claimants was incompetent. We need not notice the suggestion further than to say that the trial was to the court without a jury; that even if some of the evidence

were incompetent—we do not say that it was—the court is presumed not to have been influenced by such evidence; and that if all evidence concerning the admissibility of which there could be any doubt were excluded, the evidence remaining would overwhelmingly support—indeed would make necessary—the findings made by the trial court. Justice demands the affirmance of the judgment.

The judgment is affirmed.

MR. JUSTICE ALTER, sitting for MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE MOORE and MR. JUSTICE BURKE concur.