## HAZEL L. BARNHART
*vs.*
## CEDRIC H. BARNHART

Superior Court        New Haven County        File #51809

MEMORANDUM FILED NOVEMBER 21, 1938.

FitzGerald, Foote & FitzGerald, of New Haven, for the Plaintiff.

Thomas R. FitzSimmons, of New Haven, for the Defendant.

CORNELL, J.   A decree of divorce was granted the plaintiff from the defendant on April 16, 1937, by the Superior Court. · In this it was ordered that the care, custody and education of an adopted child be committed to plaintiff.   On September 24, 1937, the judgment was modified to include a provision that the defendant pay the plaintiff for the support of the child, the sum of $7.00 per week until the first Tuesday of February, 1938, which order, on January 28, 1938, was extended to comprehend the minority of the child.

On September 20, 1938, the plaintiff made a motion that the defendant be found in contempt for failure to comply with that part of the decree requiring him to make weekly payments for the support of the child, alleging that he is in arrears in an aggregate sum of $119.00 because of his failure in that respect. The matter was continued from time to time, the defendant-respondent being without counsel, until finally counsel appeared for him.

At the hearing then had, it appeared that the child in question is the natural child of the plaintiff by a former marriage and that after the intermarriage of plaintiff and defendant, the plaintiff gave it in adoption to the defendant and herself. The Court then on its own motion raised the question whether counsel had considered if the Court had jurisdiction incidental to a petition for a divorce to make an order that the defendant support an adopted, as distinguished from his natural child, calling attention to the applicable provision of the statute which refers to "a minor child of *such marriage*", i.e. of the marriage which is dissolved.

A decision on the question can be obtained only by the presentation of a motion to revoke the orders in question and as

that may be preferred to the Court as presided over by a different judge, it would be quite improper to express any opinion whatever as to whether such a motion, if and when filed, should be granted. It will not be inappropriate, however, to refer to certain aspects of the matter for such assistance as that may be to counsel in presenting the subject, in view of such authority as there is.

At the outset it must be agreed that the question involved is not whether the defendant-respondent is under the legal obligation to support the child. His duty to do so follows inevitably from the relationship that arose when he adopted it and may be effectuated by criminal proceedings. The problem is whether his liability can be enforced by contempt proceedings in this Court and that, in turn, depends upon whether the Court had jurisdiction to make the order which has been violated.

If it be assumed that the Court's only power in the premises was such as is conferred by the statute (Gen. Stat. [1930] §5187), the question arises whether such power is restricted to children of the marriage, or extends to include those not of the marriage but as respects whom the parents or either of them sustain the obligations of parenthood, derived from a distinctly different legal relationship.

It is well settled in this state that the power of the Superior Court to dissolve marriages emanates wholly from statute (*Steele vs. Steele,* 35 Conn. 48, 54; *Davis vs. Davis,* 119 id. 194, 196) and that its jurisdiction to make and enforce orders concerning the care, custody and education of children stems from its jurisdiction over a petition for divorce (*Dunham vs. Dunham,* 97 Conn. 440, 443, 445; *Morrill vs. Morrill,* 83 id. 479, 483; *Pfeiffer vs. Pfeiffer,* 99 id. 154, 157), and so is not, otherwise, existent (*Morgan vs. Morgan,* 103 Conn. 189, 197). The extent of the power to make and enforce an order for the support of a child where jurisdiction of a petition for divorce exists, is, perforce, limited or unlimited, as the case may be, according as may be revealed by the language of the statute if that be plain, or if it be ambiguous, then by attributing a meaning to the doubtful phrase according to the usual rules for statutory construction.

Whether the phrase "minor child of such marriage" as employed in the statute is so plain in its intendment as not to

admit of any but a literal construction may, itself, be moot. Much depends upon the personal judgment of the member or members of a Court which may have it under advisement. In the only jurisdiction where my own research had revealed a decision on a statute comparably worded, the qualifying phrase "of the marriage" seems to have been ignored and all of the emphasis placed upon the words "such children." *Burk vs. Burk,* 222 Mich. 149, 192 N.W. 706, 707; *Hendrick vs. Hendrick,* 247 Mich. 327, 225 N.W. 483. Again, too, another statute involved, it would seem in the decisions referred to, conferred authority on the Court to make such "further decree as it shall deem just and proper concerning the care, custody and maintenance of the minor "children *of the parties*"—a phrase sufficiently comprehensive, it would seem, to include adopted children. *Burk vs. Burk,* 222 Mich. 149, 151, 192 N.W. 706, 707. Whether and, if so, to what extent the authority mentioned can be said to be effective in the construction of our own statute is a matter to be determined by the Court upon a motion to revoke the orders in question. On the other hand, for such persuasiveness as it may possess is the statement made in *Wood vs. Wood,* 61 App. Div. 96, 99, to the effect that: "The statutory authority conferred upon the court in actions for divorce or separation to require the husband to provide for the support of his children before final judgment is limited to the *issue of the marriage (Code Civ. Proc.* §1769), and the authority of the court conferred by statute to provide by order or judgment for the custody and future support of children in such action is likewise limited." That case did not have to do with an adopted child, but was concerned with a stepson.

The foregoing is written for such aid as it may be, if any, to counsel in presenting the matter in event that a motion to revoke the orders referred to be filed. Obviously, pending such a contingency, no decision should be made upon the pending motion. In view of the delays which have ensued, the motion to revoke should be filed within five days next following the filing of this memorandum in the office of the clerk. If not done before the expiration of that period, the matter may be brought to my attention by counsel for the plaintiff.