No. 15,045.

STATE CIVIL SERVICE COMMISSION ET AL. *v.*
COLORADO STATE BOARD OF HEALTH ET AL.
(138 P. [2d] 934)

Decided May 10, 1943. Rehearing denied June 28, 1943.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-
RENCE HINKLEY, Deputy, Mr. THEODORE A. CHISHOLM,
Assistant, Mr. DONALD H. MEYER, Assistant, Mr. HARRY
G. SAUNDERS, of counsel, for plaintiffs in error.

Mr. ARTHUR R. MORRISON, for defendants in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS matter is before us on a writ of error to review proceedings of the Denver District Court which awarded a peremptory writ of mandamus on petition of the State Board of Health directing the State Civil Service Commission to hold another hearing on the removal of one Esta D. Parr, a civil service employee of the said Board of Health.

September 16, 1940, the Board of Health filed certain "Charges and Specifications" of misconduct with the Civil Service Commission against Parr based largely upon the latter's alleged refusal to comply with instructions under his transfer assignment to the Western Slope territory. Pursuant to the rules of the commission, a hearing was had thereon September 30, 1940. Numerous witnesses, including Parr, were called and examined. A complete transcript of the testimony was made and considered by the commission which dismissed the charges October 1, 1940.

The Board of Health, being dissatisfied with the commission's ruling, thereupon made application for a writ of mandamus in the Denver District Court based upon the contention that the Civil Service Commission acted arbitrarily and capriciously. An alternative writ was issued and a hearing held. At this hearing, two members of the commission were called for cross-examination under the statute, to which their counsel objected. The objection was overruled, and said commissioners were required to testify as to the reasoning pursued by them in arriving at their decision. At the conclusion of the hearing, the court made the writ peremptory, directing the commission to vacate its orders dismissing the charges against Parr and reinstating him, and to hold another hearing. The commission obeyed this mandate, took further testimony, and, at the conclusion of the

hearing, again dismissed the charges, and ordered Parr reinstated.

The Board of Health then filed a motion in the district court to set aside the commission's return to the peremptory writ, and asked that an order be entered sustaining the charges against Parr, or directing the commission to dismiss him. Further testimony was taken and the commissioners were again cross-examined (over the objection of their counsel) as to the reasons for their decision, after which the court found that the commission had not conducted a fair and impartial hearing; that the differences between the commissioners and the Board of Health "must have affected in some degree the decision of the commission," and ordered that two of the commissioners should disqualify themselves and request the Governor to name two others to hear this particular case. It is to review this order that the writ of error was sued out of this court.

The Attorney General urges as grounds for reversal: 1. Failure of the court to limit its review to the record and its attempt to hold a trial de novo. 2. The court had no authority to permit cross-examination of the commissioners as to the reasons for their decision. 3. The second peremptory writ is void because of impossibility of compliance.

1. No good purpose would be served by a lengthy statement of the evidence taken before the commission in this matter; suffice it to say there was competent evidence upon which to base its decision. There was doubt concerning the legal promulgation of the original order transferring Parr to the Western Slope, such as would entitle him to appeal to the Civil Service Commission regarding it. There was doubt concerning certain practices of the Board of Health in relation to expense accounts as applied to Parr to justify his questioning those accounts. There was doubt as to who actually was Parr's superior officer in directing his work. The trial court stated that, based on the record alone,

it was "difficult to determine whether the actions of the Civil Service Commission were arbitrary and capricious." We think this statement is indicative of an error committed. "If evidence at any such hearing is sufficient to justify the Civil Service Commission in the exercise of its discretionary power of removal, the courts are powerless to interfere with such exercise of discretion." *Civil Service Commission v. Hoag*, 88 Colo. 169, 293 Pac. 338; *Craig v. Jensen*, 66 S.D. 93, 278 N.W. 545.

2. That it was also error to subject the commissioners to cross-examination as to their reasons for decision, see, *Chicago B. & Q. Ry. Co. v. Babcock*, 204 U.S. 585, 27 Sup. Ct. 326, 51 L. Ed. 636; *United States v. Morgan*, 313 U.S. 409, 61 Sup. Ct. 999, 85 L. Ed. 1429.

3. The unenforceability of the court's second peremptory writ becomes obvious when we simply state the fact that members of the Civil Service Commission are constitutional officers and subject to removal only by impeachment. The Governor cannot remove them. *Roberts v. People, ex rel. Hicks*, 77 Colo. 281, 235 Pac. 1069. It follows that he cannot appoint commissioners to serve on special cases.

The judgment is reversed.

MR. CHIEF JUSTICE YOUNG and MR. JUSTICE KNOUS concur in part and dissent in part.

MR. CHIEF JUSTICE YOUNG and MR. JUSTICE KNOUS.

We concur in the reversal of the judgment, but we do not agree with the holding of the majority that the trial court erred in permitting cross-examination of the civil service commissioners. It is certain, as the majority in the court opinion seem to concede, that no privilege immunizes members of the Civil Service Commission from being called as witnesses on the trial of a legal controversy, or from testifying to matters relevant, competent and material under the rules of evidence applicable in a given situation. As we understand, where a

decision of an administrative board is directly attacked, it may be shown that the reason therefor was to be found in the misconduct of the members thereof or arose from the adoption of wrong principles, as herein was one of the contentions of the Board of Health, and that in such circumstances, as to those matters, the testimony of the board members is competent, and consequently was properly admitted in the case at bar.