No. 15,532.

COLORADO STATE BOARD OF HEALTH ET AL. *v.* STATE
CIVIL SERVICE COMMISSION ET AL.
(175 P. [2d] 809)

Decided December 23, 1946.

Mr. ARTHUR MORRISON, for plaintiffs in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-
RENCE HINKLEY, Deputy, Mr. DONALD H. MEYER, Assist-
ant, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFFS in error are hereinafter referred to as the
board, and defendants in error as the commission.
This cause was here and reversed May 10, 1943. *Civil*

*Service Commission v. Board,* 111 Colo. 109, 138 P. (2d) 934. That opinion should be read in connection herewith. Suffice it now to say that the board filed charges with the commission against one Parr an employee of the former. After full hearing the charges were dismissed. The board then went to the district court and obtained an order on the commission to hold another hearing. This the commission did and again dismissed the charges. Again the district court was appealed to and was unable to determine whether the charge that the commission had been "arbitrary and capricious" had been sustained. Having reached that conclusion nothing remained for the court but to uphold the commission in its dismissal because the board having the affirmative, had failed to establish its charges. However, out of an abundance of caution and in order to remove even the suspicion of prejudice, the court directed that two of the commissioners disqualify themselves and request the governor to appoint two substitutes for the further conduct of the cause. To review that order the former writ was prosecuted. Since the district court had misconceived its duty and gone beyond its authority, and since neither the governor nor anyone else could make appointments supplanting members of the commission (a constitutional body) for any purpose, reversal necessarily followed. We sustained the commission in every particular and our order was that "the judgment be reversed." On remittitur the board moved to again set the cause, asserting in that motion, inter alia, that we had not reversed the judgment "with directions," that we had mistaken facts, that there had been a change in the membership of the commission, and that it could now establish that the former action of that body was arbitrary and capricious. This was simply an attempt to secure a new trial without lawful authority therefor. The commission moved that to effectuate our reversal the district court orders complained of be vacated and its writ theretofore issued to the commission be dissolved.

That motion was sustained and to review that judgment the present writ is prosecuted.

■ It is not incumbent upon us, in each case of reversal, to say "for further proceedings in harmony herewith." That is assumed. The sole duty of the trial court, on reversal, was to enter the judgment it should have entered theretofore. This it did and that judgment is affirmed.

MR. JUSTICE JACKSON and MR. JUSTICE LUXFORD concur.