## No. 15,491.

### Thompson, Executor of the Estate of Holland v. Blanchard et al.

(178 P. [2d] 422)

Decided February 24, 1947.   Rehearing denied March 17, 1947.

28

Mr. Frank Delaney, for plaintiff in error.

Mr. Allyn Cole, for defendant in error.

*En Banc.*

Mr. Justice Stone delivered the opinion of the court.

This action was brought by defendants in error who alleged ownership of certain land, together with easement for an irrigation lateral and water from the Carbondale ditch to the amount of five-tenths of a cubic foot per second of time necessary for use thereon. There was further allegation of interference by defendant; threatened continuance thereof, irreparable injury and lack of legal remedy, with prayer for injunction. Answer included general denial, estoppel, statutes of limitation, ownership by defendant, abandonment and purchase by defendant for value and without notice.

Upon the first trial of the cause, plaintiffs introduced evidence consisting primarily of recorded conveyances to establish their chain of title, and at the close of their case defendant interposed a motion for a nonsuit on the ground that the evidence was insufficient to entitle plaintiffs to any relief and that the only purpose of the

proceeding was to obtain a permanent injunction designed to settle and adjudicate a title which was in dispute and not free from doubt. The trial court sustained this motion for the reason that it was necessary to determine the extent of plaintiffs' water right and the location of the ditch right of way therefor, and the court was of the opinion that such rights could not be determined in the injunction suit.

The judgment of dismissal was reviewed by this court in *Blanchard v. Holland,* 106 Colo. 147, 103 P. (2d) 18, 139 A.L.R. 159. Upon considering the ruling of the trial court and the documentary chain of title offered in evidence in support of plaintiffs' case, this court held, in substance: (1) That plaintiffs' documentary evidence was sufficient to establish prima facie proof of record title in them to a water and ditch right sufficient for necessary use on their land; (2) that such proof was sufficient to make proper the adjudication of title to the water and ditch right in the injunction proceeding; and (3) that upon such title being established, the determination of the amount of water required for such use and the location of the easement for its carriage are incidentals to the main issue of title, which the court may determine from the evidence. Accordingly, we reversed the judgment and remanded the cause for retrial.

Following remand and after revision of pleadings, the case was tried to the court which found in favor of plaintiffs and by its decree established the amount of water requisite for irrigation of plaintiffs' land and the location of the lateral ditch in which plaintiffs were entitled to easement of carriage thereof, and made permanent the injunction against interference by defendants.

██ ██ The first points specified and now urged as error are concerned with the holding of the trial court as to the extent to which our former opinion was res judicata on the retrial. The reversal of the judgment entered on motion for nonsuit with remand for trial was not an adjudication on the merits, and all issues were

open for determination on a second hearing. *Plains Iron Works Co. v. Haggott,* 72 Colo. 228, 210 Pac. 696. The general rule is that statements made by a reviewing court in reversing judgment upon a nonsuit at end of plaintiff's case must be construed in the light of the question before the reviewing court, of whether plaintiff had established a prima facie case, and not as the law of the case on subsequent trial.

■■ However, in this case we have an unusual situation involved in that the reversal of the former judgment was based on documentary evidence. The trial court at the first hearing held that it had no jurisdiction for the reason that it could not adjudicate a disputed and doubtful title in an injunction suit. We reversed that holding on the ground that the documentary evidence offered by plaintiffs constituted prima facie proof of record title. Such determination was necessary for our decision of the case and, it being a matter of deduction from documentary evidence, it was peculiarly appropriate for determination by an appellate court. *Record v. Ellis,* 97 Kan. 754, 156 Pac. 712; 3 Am. Jur. 473, §906. Upon retrial the identical documents which we held constituted prima facie proof of title in plaintiffs were again introduced in evidence by them, together with additional evidence and, in opposition thereto, evidence was introduced in behalf of defendant tending to overcome the prima facie effect of those documents; also evidence tending to show error and ambiguity in the documents offered by plaintiffs, and evidence tending to show subsequent loss of plaintiffs' rights. In the light of the new evidence submitted the trial court had the authority and the duty on the retrial to consider and weigh all the evidence then before it and on the basis of that evidence to determine the question of ownership without being precluded by our former decision,—except to the extent, and only to the extent, that the documents which had been offered at the first trial must be held sufficient to constitute prima facie proof of plain-

tiffs' record title. These documents constituted the same "state of facts" as was before us on the former review and the law there declared as to those documents, must be regarded as controlling. *Johnson v. Bailey and Allen,* 17 Colo. 59, 28 Pac. 81.

The court, on retrial, held that, "All documents offered in evidence by plaintiffs on the first trial, of necessity having been passed upon to enable the Supreme Court to hand down its opinion, leaves remaining only to be considered defendant's attack thereon and whether defendants have 'established their defenses' to plaintiffs' action, or to any of them." Accordingly, the court determined that in order to prevail against the title asserted by plaintiffs, the "defendants then must assume the burden and establish, either: 1. That they have a better, or more clear and certain, record title, or 2. That plaintiffs, or their predecessors, have lost their original and better record title in some manner alleged in the several affirmative defenses." The trial court in so holding correctly declared the law.

The next points raised by defendants have to do with the construction of two instruments essential in the chain of plaintiffs' title. It is true that these instruments, as is typically the case in conveyances of water and ditch rights, are sufficiently indefinite as to suggest ambiguity and admit of extrinsic evidence in their construction, but such evidence was received and considered by the trial court and held not sufficient to overcome that of plaintiffs', and we are bound by that finding and by our former opinion that these documents constitute prima facie proof of title in plaintiffs.

It is next urged that "the court erroneously determined the relative rights of the defendants as between themselves in the Carbondale ditch and the water adjudicated thereto." On motion of defendant, the town of Carbondale, as a part owner of the Carbondale ditch and its water appropriations, was made a party defendant. However, the action was dismissed as against the

town, and the water and ditch right adjudged to plaintiffs was awarded from the water claimed by defendant Holland, to be carried through a ditch on her land, and there was no suggestion in the court's decree of any determination whatever as against or concerning the town of Carbondale, or as between the town and the defendant Holland.

■ It is next urged that the affirmative defenses in the answer and the allegations of the cross complaint of defendant Holland were established by the evidence. After going carefully over the record, we concur in the statement of the trial court "that the evidence is conflicting and in many important details in direct opposition." Nevertheless there was substantial evidence on all of the issues to support the determination of the trial court and it must stand.

■ Error is urged, also, to the admission and rejection of evidence by the trial court. As to the evidence admitted, it will be presumed, where trial is to the court, that only proper and competent evidence was considered, and if there was error by the court in its admission, it is harmless. *Brown v. Estate of Roche,* 87 Colo. 432, 288 Pac. 890; *Lewis v. Winslow,* 77 Colo. 95, 234 Pac. 1070. A review of the evidence rejected by the trial court fails to disclose abuse of discretion therein, and in view of its minor importance we shall not encumber the record by more detailed consideration.

■ Finally, it is urged that the decision of the court is not equitable. This is largely a restatement of arguments before urged of matters properly for consideration on the issue as to title, and we find no abuse of discretion by the trial court in the matters of which complaint is made.

Accordingly, the judgment is affirmed.