539 P.2d 1306 (1975)
In re the MARRIAGE OF Robbye C. SHARP, Petitioner-Appellee, and
Emmit F. Sharp, Respondent-Appellant.
No. 75-010.
Colorado Court of Appeals, Div. III.
July 22, 1975.
*1307 Harden & Napheys, P. C., Ralph B. Harden, Fort Collins, for petitioner-appellee.
Arnaud Newton, Fort Collins, for respondent-appellant.
Not Selected for Official Publication.
VanCISE, Judge.
The husband, alleging an abuse of discretion, seeks reversal of the orders for division of property, maintenance, child support, and attorney fees entered concurrently with the entry of a decree of dissolution of marriage. We affirm the trial court.
At the time of the hearing on September 14, 1973, the husband was 51 and the wife 45 years old. The parties had been married for 24 years. They had two children, one of whom, a 16-year old son, was unemancipated. Both parties were employed, the wife at a monthly salary of $500, with take-home pay of $386.67, and the husband at a salary of $1,775, with take-home pay totaling $1,206.69 after tax and pension deductions. Their property, all of which was marital, consisted of the equity in the family home, two cars, miscellaneous tangible personal property, and items payable in the future but with present cash value including life insurance, an annuity, the husband's pension and retirement funds.
In its order entered August 1, 1974, the court stated that "[a]ll of the pertinent *1308 factors regarding the parties, their ages, their property, their health, their ability to earn money, the length of the marriage, their standards of living, the needs of each party, and what each has contributed to the acquisition of property have been taken into account and considered by the Court. . . ." See §§ 14-10-113(1), 114(2), and 115(1), C.R.S.1973. It made detailed findings and then awarded the wife $150 monthly child support and $350 maintenance, and allocated the bills between the parties. Finding that "the wife has incurred a substantial attorney fee, a substantial portion of which was made necessary due to the respondent's [husband's] failure to comply with court orders and his refusal and failure to consummate the agreement on temporary orders," it directed the husband to pay $600 toward her attorney fees.
The court then divided the property, awarding 50% by value to each. In so doing, it took notice of the information communicated by the parties that the house was sold after the hearing and before the issuance of the order. The sale proceeds were used to achieve the equal division, with the wife receiving mostly cash ($15,486.50) and one car, and the husband receiving the other car, $2,617.50 cash, and the balance in the form of the present cash surrender value of the insurance and annuity and cash value of the retirement funds.
Maintenance and child support, division of property, and allowance of attorney fees in dissolution of marriage proceedings are matters which lie within the sound discretion of the trial court. Unless it abuses its discretion, the trial court's judgment must be sustained. Carlson v. Carlson, 178 Colo. 283, 497 P.2d 1006; Cohan v. Cohan, 150 Colo. 249, 372 P.2d 149. We find no abuse of discretion here.
The husband contends that it was error for the court to award any maintenance to the wife because § 14-10-114(1), C.R.S.1973, bars any such grant absent findings that she is unable to support herself and that she lacks sufficient property after the division by the court to provide for her reasonable needs. In this instance, the court in effect made such findings when it stated that "[b]ased on the respective earnings and abilities of the parties to earn income and considering the respective financial needs of the parties, the Court concludes and orders that [the husband] shall pay to [the wife] $350.00 per month for maintenance . . ." and in the same sentence provided for an equal division of the property. Further, subsection (1) of this statutory provision must be read with subsection (2), which requires the maintenance order to be in such amounts "as the court deems just . . . after considering all relevant factors" listed therein.
Another judge might have decided differently on whether to grant maintenance, or on the amount thereof, but it does not appear that the trial court acted unjustly or abused its discretion. It would, therefore, not be proper for this court to modify or to set aside the maintenance order. Cohan v. Cohan, supra; Nunemacher v. Nunemacher, 132 Colo. 300, 287 P.2d 662.
The husband claims error in the trial court's admission into evidence of the wife's financial statement reflecting her situation as of the date of filing the action in December of 1972, without requiring that the statement be updated to the time of hearing nine months later. This statement was admitted only at the May 1973 hearing on temporary orders. At both hearings, on both direct and cross-examination of the wife, her current earnings, needs, assets, and liabilities were gone into thoroughly. It is apparent that the court based its findings and conclusions on the current rather than the out-of-date circumstances. Hence, there was no prejudicial error.
*1309 The husband also complains about the ten and one-half month delay between the September 14, 1973, hearing and the August 1, 1974, final order and decree, and contends that the order should be nunc pro tunc September 14, 1973. He argues in effect that basing the ultimate order for maintenance and support on circumstances as of the hearing date and for division of property on circumstances as of the order date was arbitrary, capricious, and an abuse of discretion. He asks this court to order a rebate to him of the $50 a month difference between the $550 monthly payment under the temporary orders and the $500 monthly payment under the permanent orders for the delay period, and to require the trial court to hold a further hearing as to the circumstances of the parties as of August 1, 1974. We do not agree with his contention and decline to order the rebate or additional hearing.
Obviously, the needs and expenses of the wife and child changed when they vacated the house, ceased making payments on the home loan, and moved into other shelter. Also, the wife would derive additional income from the proceeds of the property division. However, nothing in the record indicated that the husband requested an additional hearing after the sale of the house to ascertain whether there were any changed circumstances, nor is there anything indicating what those changes were, if any. Thus he is in no position on this appeal to derive any advantage from any speculative change of circumstances between the two dates.
An order as to maintenance and child support must be based on the circumstances at the time of the hearing, Brown v. Brown, 131 Colo. 467, 283 P.2d 951, regardless of its effective date. Admittedly, the delay, which we do not approve, cost the husband the difference between the temporary and the permanent orders for the delay period. However, this does not constitute reversible error. See State Home v. Mulertz, 60 Colo. 468, 154 P. 742.
We have considered the other alleged errors urged by the husband and find them to be without merit.
Judgment affirmed.
PIERCE and STERNBERG, JJ., concur.