**In Re the MARRIAGE OF Nancy B. ASHLOCK, Appellant,**

and

**Thomas R. Ashlock, Appellee.**

**No. 80CA0956.**

Colorado Court of Appeals, Div. I.

May 21, 1981.

John L. Springer, Aurora, for appellant.

No appearance for appellee.

COYTE, Judge.

Nancy B. Ashlock (wife) appeals an order of the trial court requiring Thomas R. Ashlock (husband) to pay support for the parties' minor children contending that the amount of support ordered is inadequate. We reverse.

The parties were married on July 9, 1977, and at the time of the marriage, wife had four children by a prior marriage. By decree entered on May 4, 1979, husband adopted the four children. The parties separated December 12, 1979, and custody of the children was awarded to the wife. The trial court ordered husband to pay child support of $250 per month commencing August 19, 1980, the same to continue until February 1981, when the support payments would be reduced to $50 per month per child making a total of $200 per month to continue for each child until the age of 18, with husband and wife each claiming two of the children as dependents for income tax purposes.

The court in its order provided that the wife was in need of support payments for the minor children and the husband had the ability to make payment for the support. The court then found that:

"[T]he adoption of the minor children of the parties by the Co-petitioner Thomas R. Ashlock to have been of extremely short duration, and to have been made by him in contemplation of a long term continuation of the marriage. The Court does, nevertheless, find the Co-Petitioner Thomas R. Ashlock owes a duty to provide support of a reasonable amount *based upon the equitable considerations of the short term marriage and shorter term adoption*, the earning ability and the earning capability of the Co-Petitioner Nancy B. Ashlock, and the ages of the minor children of the parties." (emphasis supplied)

Section 19–4–113, C.R.S. 1973 (1978 Repl. Vol. 8) provides:

"After the entry of a final decree of adoption, the person adopted shall be, to all intents and purposes, the child of the petitioner. He shall be entitled to all the rights and privileges and be subject to all the obligations of a child born in lawful wedlock to the petitioner."

Section 14–10–115, C.R.S. 1973, provides:

"In a proceeding for dissolution of marriage, legal separation, maintenance, or child support, the court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for his support, without regard to marital misconduct, after considering all relevant factors including:

(a) The financial resources of the child;

(b) The financial resources of the custodial parent;

(c) The standard of living the child would have enjoyed had the marriage not been dissolved;

(d) The physical and emotional condition of the child and his educational needs; and

(e) The financial resources and needs of the noncustodial parent."

 In passing the adoption statute, the General Assembly intended to place the adopted child in the family in the same position as a natural child. *See Quintrall v. Goldsmith*, 134 Colo. 410, 306 P.2d 246 (1957). When the decree of adoption was entered, husband became obligated to care for and support the four children, and nothing has occurred that would relieve him of that obligation. The fact that the parties secured a dissolution of their marriage does not relieve him from that duty. Nor does that fact that the separation occurred soon after the adoption relieve him of his support obligation.

 Husband's obligation to his adopted children rests upon him in no different way than as if the children were of his own blood. *Burk v. Burk*, 222 Mich. 149, 192 N.W. 706 (1923). Accordingly, the child support statute includes adopted children as well as natural children, and this being the case, the trial court, in awarding child support, was obligated to consider only the relevant provisions of § 14–10–115, C.R.S. 1973, and it committed reversible error by considering matters related to the adoption.

We are not in a position to say whether the court awarded insufficient support for the minor children or what amount of support it would have awarded if it had considered the correct criteria for awarding the support.

Accordingly, the judgment is reversed and the cause is remanded to the trial court with directions to determine the amount of child support to be awarded in accordance with § 14–10–115, C.R.S. 1973. Until the appropriate child support order is entered, husband shall continue to make payments of support in accordance with the order we today reverse, that is, $50 per month per child.

SMITH and VAN CISE, JJ., concur.