**In re the MARRIAGE OF Nancy B. ASHLOCK, Appellant,**

**and**

**Thomas R. Ashlock, Appellee.**

**No. 82CA1058.**

Colorado Court of Appeals, Div. III.

April 14, 1983.

John L. Springer, Aurora, for appellant.

Edwin B. Fieman, Denver, for appellee.

KELLY, Judge.

The sole issue before us is the propriety of the trial court's interpretation of our mandate in *In re Marriage of Ashlock,* 629 P.2d 1108 (Colo.App.1981). We there reversed a child support order in this dissolution of marriage proceeding and remanded the cause "to the trial court with directions to determine the amount of child support to be awarded in accordance with § 14–10–115, C.R.S.1973," and stated that "[u]ntil the appropriate support order is entered, husband shall continue to make payments of support in accordance with the order we today reverse, that is, $50 per month per child." After a second evidentiary hearing, on November 23, 1981, the trial court awarded $375 per month child support to commence December 5, 1981. Concluding that our remand requiring the husband to pay $50 per month per child covered the interim period from July 30, 1980, to November 23, 1981, the trial court declined to enter an order covering that period of time. We affirm in part and reverse in part.

The wife argues that the $375 per month child support order entered on the remand should have applied retroactively, to commence with the date of the trial court's original order. We disagree.

The trial court was directed to determine the appropriate amount of child support in accordance with the correct statutory criteria. Where, as here, the reviewing court does not include in its mandate a direction concerning additional proceedings, it is within the trial court's discretion to receive additional evidence, *Nolan v. Nolan,* 511 P.2d 930 (Colo.App.1973) (not selected for official publication), and base its support order on circumstances as they exist at the second hearing. *In re Marriage of Sharp,* 539 P.2d 1306 (Colo.App.1975) (not selected for official publication). Thus, the trial court, in basing its $375 per month support order on additional evidence, properly refused to make the order retroactive to the date of the original hearing.

However, the trial court incorrectly interpreted our mandate as affirming the previous support order of $50 per child per month for the interim period between the first and second hearings. This interpretation overlooks that portion of our opinion immediately preceding the above-quoted remand stating:

"We are not in a position to say whether the court awarded insufficient support for the minor children or what amount of support it would have awarded if it had considered the correct criteria for awarding the support." *In re Marriage of Ashlock, supra.*

The meaning of a remand is to be determined from the reviewing court's disposition of the issues before it. *See Thompson v. Blanchard,* 116 Colo. 27, 178 P.2d 422 (1947); *Colorado State Board of Health v. Civil Service Commission,* 115 Colo. 536, 175 P.2d 809 (1946). When considered together, the mandate and the above-quoted statement demonstrate that we intended the $50 per-child-per-month order of the trial court as an interim order, to continue only until an order for that period based on the proper statutory criteria had been entered by the trial court.

The $375 per month support order is affirmed. However, since the trial court did not consider the proper amount of child support under the applicable statutory cri-

teria for the period between the first and second hearing, the order covering that interim period is reversed and the cause is remanded with directions that the trial court enter a child support award for the period from July 30, 1980, through November 1981, based on the record as it existed on July 30, 1980, and on the applicable statutory criteria.

VAN CISE and KIRSHBAUM, JJ., concur.