## No. 79SA388

## The People of the State of Colorado v. Francis Stephen Driscoll

(615 P.2d 696)

Decided August 25, 1980.

Paul Q. Beacom, District Attorney, Marc P. Mishkin, Deputy, for plaintiff-appellant.

John W. Hornbeck, for defendant-appellee.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

The People appeal the district court's refusal to permit them to file a felony information pursuant to Crim. P. 7(b)(3)[1] in the district court. We affirm the district court's ruling.

---

[1] This rule provides:
An information may be filed, without consent of the trial court having jurisdiction, for any offense against anyone who has either:
(I) Failed to file a motion requesting a preliminary hearing in the county pursuant to Rule 5; or
(II) Had a preliminary hearing and has been bound over by the county court to appear in the court having trial jurisdiction.

A complaint was originally filed in the Adams County Court charging the defendant-appellee with aggravated robbery, conspiracy, and violent crime. The defendant appeared before the county court for arraignment on March 30, 1979, at which time he was advised of his right to a preliminary hearing. On April 9, 1979, the defendant, who had obtained trial counsel, appeared *pro se* and orally requested a preliminary hearing. The county court accepted the request and set May 4, 1979 for the date of the preliminary hearing. Although the district attorney was not present at this proceeding, his office was sent a notice of the hearing date by the clerk of the court shortly thereafter.

On April 17, 1979, the district attorney filed a motion pursuant to Crim. P. 5(a)(5) to bind over the defendant to the district court because no written motion requesting a preliminary hearing had been filed as required by Crim. P. 5(a)(4)(I). The county court denied the motion stating that a valid request had been made and a date already set. The People responded by filing a C.R.C.P. 106 action in the Adams County District Court to compel the county court to bind over the defendant. A rule to show cause was issued, and a hearing was conducted by the district court. The district court discharged the rule finding that under the peculiar circumstances of this case, there had been substantial compliance with Crim. P. 5 to entitle the defendant to a preliminary hearing in the county court. As a matter of strategy, the People did not seek judicial review of the district court's ruling.

On June 20, 1979, when no preliminary hearing had been held, the defendant moved to dismiss the charges. On the same date, the district attorney filed a motion to continue the date for holding the hearing. The county court subsequently ruled that the time for a preliminary hearing had already expired; that a continuance would therefore not be granted; and that the defendant was entitled to have the charges against him dismissed. Again, the People did not appeal this adverse ruling.

Instead, the People attempted to file a direct information in the district court based upon the same charges which had previously been filed in the county court. The district court summarily ruled that the information could not be filed under Crim. P. 7(b)(3) because the court had already held in the C.R.C.P 106 action that a valid request for a preliminary hearing had been made. It is this final ruling which is the subject of this appeal.

The People's contention is that the district court has no discretion to refuse the filing of a direct information if there has been no written

request by the defendant for a preliminary hearing filed in the county court. Crim. P. 7(b)(3)(I). It is argued that the district court erred in refusing to even consider whether a written motion had in fact been filed. We disagree. The district court had already ruled that the defendant had substantially complied with Crim. P. 5(a)(4)(I) in another action arising from the same charges. That ruling was not appealed, and the People are estopped from relitigating the validity of the defendant's request for a preliminary hearing. *See Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1969).

█ Here, the People have attempted to circumvent the effect of the C.R.C.P. 106 order by arguing that the former judgment did not resolve the issue of whether a request for a preliminary hearing had been *filed* in the county court. Crim. P. 7(b)(3)(I). We reject this attempt to nullify the full force and effect of the final judgment in the C.R.C.P. 106 proceeding. Once the district court determined that the defendant had substantially complied with Crim. P. 5(a)(4)(I), the effect of this determination was that the court would treat the oral request as a written motion as required by Crim. P. 5. Thus, whether a motion had been filed in the county court was of no consequence in the determination of whether the district court must accept the People's direct filing. The district court correctly applied its former ruling in summarily disposing of the newly filed information.

Judgment affirmed.

JUSTICE DUBOFSKY does not participate.