648 P.2d 658 (1982)
Max Henry CHAVEZ, Petitioner,
v.
DISTRICT COURT For the 17TH JUDICIAL DISTRICT, Honorable Dorothy Binder, one of the Judges thereof, Respondents.
No. 82SA204.
Supreme Court of Colorado, En Banc.
July 26, 1982.
*659 Graham & Graham, David Graham, Denver, for petitioner.
Paul Q. Beacom, Dist. Atty., Steven L. Bernard, Chief Trial Deputy Dist. Atty., Brighton, for respondents.
DUBOFSKY, Justice.
The defendant, Max Henry Chavez, seeks a writ in the nature of prohibition under C.A.R. 21 requiring the Adams County District Court to deny leave to the People to file a direct information against him under Crim.P. 7(c). We issued a rule to show cause why the requested relief should not be granted. We now determine that the district court acted in excess of its jurisdiction and make the rule absolute.
On November 2, 1981, the defendant requested a preliminary hearing on charges of second-degree burglary, section 18-4-203, C.R.S.1973 (1978 Repl. Vol. 8 and 1981 Supp.), and first-degree motor vehicle theft, section 18-4-409(2), C.R.S.1973 (1978 Repl. Vol. 8 and 1981 Supp.). The court set the hearing for December 4. On December 1, at the defendant's request, the court reset the hearing for February 5, 1982. Meanwhile, the defendant's parole was revoked because of the pending charges, and he was returned to the penitentiary at Canon City. At the February 5 hearing, the People failed to procure the defendant's presence from the penitentiary and, at the People's request, the court granted a continuance until March 12. When the People were not prepared on that date and requested another continuance, the county court dismissed the charges. The county court agreed with the defense counsel that the defendant had a right to a speedy preliminary hearing and ruled that on two different occasions, in February, and more than a month later in March, the preliminary hearing was not held because of inadequate preparation by the People. The court noted that the defendant was in custody during the period of delay resulting from the People's lack of preparation.
Instead of appealing the dismissal of the charges on the basis that the county court abused its discretion in refusing to continue the preliminary hearing, see People v. Driscoll, Colo., 615 P.2d 696 (1980), the People refiled the charges against the defendant in district court, and the district court allowed the direct filing. Neither the county nor the district court specifically addressed the People's failure to comply with the 30-day requirement in Crim.P. 5(a)(4)(I).[1] The defendant brought this original proceeding, contending that the district court acted in excess of its jurisdiction by allowing the direct filing of the charges contrary to Crim.P. 7(c).[2]
Under section 16-5-301, C.R.S.1973 (1978 Repl. Vol. 8), the procedure to be followed *660 and the time within which a preliminary hearing, if demanded, must be had "shall be as provided by applicable rule of the Supreme Court of Colorado." Crim.P. 5(a)(4) sets forth the procedural framework for preliminary hearings, including the 30-day requirement. Crim.P. 5(a)(4)(V) provides:
Dismissal of a felony complaint following a preliminary hearing shall not be a bar to a subsequent filing of a direct information in the district court charging the defendant with the same offense.
Crim.P. 7(c) sets out the specific circumstances under which an opportunity for direct filing in district court is allowed:
The prosecuting attorney, with the consent of the court having trial jurisdiction, may file a direct information if:
(1) No complaint was filed against the accused person in the county court pursuant to Rule 5; or
(2) A preliminary hearing was held in the county court and the accused person was discharged; or
(3) The complaint upon which the preliminary hearing was held and the other records in the case have not been delivered to the clerk of the proper trial court.
Neither Crim.P. 7(c) nor any other rule allows filing of a direct information in the district court if the charges, first filed in county court, are dismissed before a preliminary hearing for failure of the People to comply with the 30-day rule in Crim.P. 5(a)(4)(I). By allowing a direct filing here, where the county court refused the People's request for a continuance and dismissed the charges against the defendant because of the People's inability to ready their case by March 12, the district court acted in excess of its jurisdiction. The effect of allowing a direct filing in cases where no preliminary hearing in county court has occurred because of prosecutorial delay would be to eliminate the only compelling sanction for violation of the 30-day limit mandated by Crim.P. 5(a)(4)(I)dismissal of the charges without an opportunity to refile in district court. As long as the People may file a direct information in district court regardless of whether they have met the 30-day requirement, there is little incentive to proceed with dispatch in county court.
The proper remedy for the People here was an appeal to the district court on the basis that the county court abused its discretion in refusing the People's requested second continuance. People v. Driscoll, supra; People v. Billington, 191 Colo. 323, 552 P.2d 500 (1976). The district court acted in excess of its jurisdiction by allowing the direct filing.
Rule made absolute.
LEE, J., dissents, and HODGES, C. J., and ROVIRA, J., join the dissent.
ROVIRA, J., dissents, and HODGES, C. J., and LEE, J., join the dissent.
LEE, Justice, dissenting.
I join in the dissent of Justice Rovira.
In my view the harsh result of the majority opinion is not warranted by any circumstance in the present case and serves no compelling public purpose.
Although the county court had the discretion to order a dismissal and discharge of the defendant because of the unpreparedness of the prosecutor to go forward with the preliminary hearing, nothing in Crim.P. 7 sanctions a dismissal with prejudice, which is the effect of the majority ruling. A preliminary hearing is preliminary only, is not a determination on the merits, and does not place the defendant in jeopardy. Moreover, the defendant is entitled to a preliminary hearing in the district court under Crim.P. 7(h), if that court is permitted to entertain the information.
The result of the majority ruling is to frustrate the legitimate effort of the district attorney to perform his duty of prosecuting one accused of criminal conduct.
I am authorized to say that Chief Justice HODGES and Justice ROVIRA join in this dissent.
ROVIRA, Justice, dissenting:
I respectfully dissent.
*661 The majority holds that the district court acted in excess of its jurisdiction because no preliminary hearing was held in the county court. Given the limited role of the county court in holding preliminary hearings in felony complaint cases, I do not agree.
The preliminary hearing is a screening device which requires the People to establish probable cause to support the charges leveled against the accused. People v. Johnson, 618 P.2d 262 (Colo.1980); McDonald v. District Court, 195 Colo. 159, 576 P.2d 169 (1978). It provides the accused an opportunity to challenge the sufficiency of the People's evidence at an early stage of the proceedings. People ex rel. Farina v. District Court, 185 Colo. 118, 522 P.2d 589 (1974). Further, the preliminary hearing provides a procedure whereby one accused without probable cause may be relieved from the burden of a complaint within a reasonable period.
However, when an individual accused of a felony is brought before a county court for a preliminary hearing and the court determines that there is no probable cause to support the charges, the People are not precluded from filing a direct information in the district court charging the accused with the same offense. Crim.P. 5(a)(4)(V). Thus, a finding of no probable cause in the county court results in the dismissal of the charges and the discharge of the defendant. Crim.P. 5(a)(4)(IV). It does not protect the accused from further prosecution in the district court.
In harmony with the foregoing scheme, the district court may allow the People to file a direct information under certain circumstances. Crim.P. 7(c) provides that "The prosecuting attorney, with the consent of the court having trial jurisdiction, may file a direct information if: ... (2) A preliminary hearing was held in the county court and the accused person was discharged; ...."
In the present case, the county court refused to grant another continuance and dismissed the charges filed against the petitioner because the People were not prepared to proceed on the scheduled hearing date. Therefore, no preliminary hearing was held in the county court. The only question concerns the effect of the court's dismissal of the charges without hearing the evidence.
I believe that the dismissal of the charges should be given the same effect as a finding of no probable cause. The accused is then entitled to have the charges dismissed and to be discharged, but the People are not precluded from seeking the consent of the district court to file a direct information.
This result affords the accused all of the protections provided by the county court preliminary hearing, but at the same time recognizes the limited nature of the county court's determination. To rule otherwise would result in a situation where the People would be better advised to present little or no competent evidence, and risk a finding of no probable cause, than to admit to being unprepared and request that the court grant a continuance. The majority's ruling gives too much weight to the county court's refusal to grant the People's request for a continuance.
Applying a sanction of dismissal against the People which results in their being foreclosed from requesting permission of the district court to file a direct information, when no like sanction applies if the People fail to establish probable cause at a preliminary hearing, elevates form over substance.
HODGES, C. J., and LEE, J., join in this dissent.
NOTES
[1] Crim.P. 5(a)(4)(I) provides: "Within ten days after the defendant is brought before the county court, either the prosecuting attorney or the defendant may file a written motion for a preliminary hearing. Upon the filing of such a motion, the judge forthwith shall set the hearing. The hearing shall be held within thirty days of the day of the setting, unless good cause for continuing the hearing beyond that time be shown to the court...."

The defendant acceded to the initial December 4 hearing date and the subsequent resetting of the hearing for February 5, although both dates were beyond the thirty-day limit starting from the November 2 request for a hearing. However, any waiver on the defendant's part of the 30-day limit does not extend beyond the February 5 hearing date.
[2] An original proceeding is an appropriate way to challenge a district court ruling allegedly in excess of the court's jurisdiction. Marquez v. District Court, Colo., 613 P.2d 1302 (1980); Hampton v. District Court, 199 Colo. 104, 605 P.2d 54 (1980); Tyler v. District Court, 193 Colo. 31, 561 P.2d 1260 (1977); Vaughn v. District Court, 192 Colo. 348, 559 P.2d 222 (1977).