**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

v.

**Andrew ROYBAL, Defendant-Appellee.**

**No. 83SA103.**

Supreme Court of Colorado, En Banc.

Dec. 5, 1983.

---

Norman S. Early, Jr., Dist. Atty., William Buckley, Chief Deputy Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Michael J. Kane, Deputy Dist. Atty., Denver, for plaintiff-appellant.

David F. Vela, Colordo State Public Defender, Jess Vigil, Deputy State Public Defender, Denver, for defendant-appellee.

LOHR, Justice.

The People bring this interlocutory appeal under C.A.R. 4.1 from an order of the Denver District Court suppressing a blood alcohol test from use as evidence in a forthcoming retrial of the defendant, Andrew Roybal, on the charge of vehicular assault, section 18–3–205, C.R.S.1973 (1978 Repl.Vol. 8). We affirm the order.

The facts giving rise to this controversy are fully set forth in our earlier opinion, *People v. Roybal,* 655 P.2d 410 (Colo.1982). Briefly, the defendant was the driver of an automobile involved in a collision on May 3, 1980. He was absent when the police officers arrived at the accident scene. Roybal returned to the scene during the course of the investigation and identified himself as the driver. An investigating officer noticed that Roybal had an odor of alcoholic beverage about him. The officers then placed the defendant in a police car and advised him of his *Miranda*[1] rights. While still in the squad car at the accident scene, Roybal gave a written statement about the collision. The officers handcuffed the defendant and transported him "downtown," where he underwent a blood alcohol test.

On July 29, 1982, the defendant filed a motion to suppress all his statements because they were the products of an illegal arrest, among other reasons. He also filed two separate motions to suppress evidence concerning the blood.alcohol test, asserting a due process deprivation because the blood samples had been destroyed, and contending that the evidence was inadmissible because he had not consented to the test. The only witness at the suppression hearing was an investigating officer. The trial court granted the motion to suppress all statements, ruling that the smell of alcoholic beverage alone did not establish probable cause for arrest, and denied the motions to suppress the blood test. On interlocutory appeal by the prosecution, we held that the People had not carried their burden to prove the existence of probable cause justifying arrest, and therefore affirmed suppression of the written statement as a product of the invalid arrest. *Id.* at 413. We noted that the oral self-identification was admissible because it preceded arrest. *Id.* at 411–12. The case was remanded for further proceedings.

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

After remand, the defendant moved to suppress the blood alcohol test because it was the product of an illegal arrest, and requested an evidentiary hearing for the sole purpose of determining whether the blood alcohol test was a fruit of the arrest. The district attorney agreed that an evidentiary hearing should be held but asserted that the issues to be resolved should include whether there was probable cause for the arrest. He offered to present the testimony of an additional investigating officer and the statement of an eyewitness. However, the district attorney did not claim that these witnesses were unavailable at the earlier hearing. The trial court noted that we had held that the arrest was illegal. It recognized this holding as the law of the case and hence not open to relitigation, and denied the request for a hearing on the issue. The blood test was ordered suppressed.

The case proceeded to jury trial immediately after this ruling. The jury returned verdicts finding the defendant guilty of the lesser non-included charge of careless driving,[2] and not guilty of driving under the influence.[3] It was unable to reach a unanimous verdict on the charge of vehicular assault. Shortly after conclusion of the trial, the People filed an interlocutory appeal

challenging the denial of a second hearing on probable cause for arrest.[4] The prosecution did not claim that the defendant had waived objection to the blood test by not challenging it as the product of an illegal arrest in his earlier motions. *Cf.* Crim.P. 41(e), 41(g). Hence the only issue on appeal is whether the trial court was correct in adhering to our earlier ruling on probable cause as "the law of the case" and denying a second hearing on the issue.

■■■ The pronouncement of an appellate court on an issue in a case presented to it becomes the law of the case.[5] *Dando Co. v. Mangini,* 107 Colo. 170, 109 P.2d 1055 (1941).[6] Rulings logically necessary to the holding of the appellate court also become the law of the case. *See Morton v. Laesch,* 52 Colo. 541, 125 P. 498 (1912); Note, *Law of the Case,* 40 Colum.L.Rev. 268, 275 (1940). The law of the case as established by an appellate court must be followed in subsequent proceedings before the trial court. *Cache La Poudre Reservoir Co. v. Water Supply & Storage Co.,* 27 Colo. 532, 62 P. 420 (1900). This serves the dual purpose of protecting against the reargument of settled issues and assuring the adherence of lower courts to the decisions of higher courts. 1B *J. Moore, Federal Practice* ¶ 0.404[1] at 118 (2d ed. 1983).

2. Section 42–4–1204(1), C.R.S.1973 (1982 Supp.).

3. Section 42–4–1202(1)(a), C.R.S.1973 and section 42–4–1202(1)(c), C.R.S.1973 (1982 Supp.).

4. The defendant has moved to dismiss this appeal, summarily alleging that because it was filed after a trial in which the jury was unable to reach a verdict on one charge, it is inconsistent with the certification provision of C.A.R. 4.1(a) and the double jeopardy clauses of *U.S. Const.* amend. V and *Colo. Const.* Art. II, § 18. Because there is no merit in the appeal, we elect not to resolve these issues.

5. The doctrine of the law of the case refers not only to the conclusive effect of appellate rulings on remand, but also to the binding force of trial court rulings during later trial court proceedings. Prior relevant rulings made by the trial court in the same case are generally to be followed. However, the law of the case as established by trial court rulings is not binding if it results in error or is no longer sound due to

changed conditions, *People ex rel. Gallagher v. District Court,* 666 P.2d 550, 553 (Colo.1983), i.e., if manifest injustice would result, *Verzuh v. Rouse,* 660 P.2d 1301, 1303 (Colo.App.1982). The court that makes a decision has the power to reconsider it, as long as the case remains within its jurisdiction. 1B *J. Moore, Federal Practice* ¶ 0.404[1] at 118 (2d ed. 1983). The doctrine of the law of the case is more flexible in its application to reconsideration by the court making the decision, because there the only purpose of the doctrine is efficiency of disposition. *Id.* ¶ 0.401 at 4.

6. In the *Dando* case, the law of the case established a legal principle rather than applying that principle to the facts, as we have done here. Case law does not distinguish between these two faces of the doctrine of the law of the case established on appeal because they serve the same purposes: "litigation must end somewhere," and appellate courts must have superintending control over lower courts. *See Greeley & Loveland Irrigation Co. v. Handy Ditch Co.,* 77 Colo. 487, 492, 240 P. 270, 272 (1925).

The conclusion that there was no probable cause for arrest here was necessary to the holding in our first opinion that the written statement was to be suppressed, and therefore it is the law of the case. *Thompson v. Blanchard,* 116 Colo. 27, 178 P.2d 422 (1947). To suggest the contrary is to attempt through a circuitous route to nullify the full force and effect of the appellate decision. *See People v. Driscoll,* 200 Colo. 410, 615 P.2d 696 (1980); *Greeley & Loveland Irrigation Co. v. Handy Ditch Co.,* 77 Colo. 487, 240 P. 270 (1925). It is not disputed that the blood test was a product of the arrest in this case, just as the written statement was. We have held that the arrest was without probable cause. Therefore, both the written statement and the blood test are subject to suppression as products of an illegal arrest. *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Gallegos v. People,* 157 Colo. 173, 401 P.2d 613 (1965). To hold otherwise would produce the anomalous result that probable cause would be found for the arrest with regard to one of its fruits, and no probable cause for the same arrest with regard to another. *See People v. Ramey,* 174 Colo. 250, 483 P.2d 374 (1971). The trial court intelligently complied with our mandate. *See People ex rel. Warren v. Carpenter,* 29 Colo. 365, 68 P. 221 (1902).

The prosecution contends that applying the exclusionary rule and denying a second hearing on probable cause "corrupt[s] the truthseeking process," *People v. Brown,* 194 Colo. 553, 555, 574 P.2d 92, 94 (1978), if additional witnesses would establish probable cause. Yet the only explanation the prosecution offers as to why these witnesses were not brought forward at the first hearing is that it did not anticipate that the trial court would rule that there was no probable cause. The amount of the available ble evidence that the prosecution elects to present at a suppression hearing is left to the district attorney's discretion. However, unless suppression hearings are to be conducted "by installment," as the trial court put it, the prosecution must be prepared to abide the consequences of an adverse ruling when it elects not to offer available probative evidence.[7]

We hold that the trial court did not err in treating its resolution of the probable cause issue at the first suppression hearing as binding. Accordingly, we affirm the suppression order and remand the case to the district court for further proceedings consistent with this opinion.

---

7. If the prosecution had proffered newly-discovered evidence, the result might be different. A trial court may reconsider its own suppression order when there is new, probative evidence available and the prosecution shows good cause why that evidence was not introduced previously. 3 *W. LaFave, Search and Seizure* § 11.2(f) at 527 (1978). Even where a trial court's suppression order has been af- firmed on interlocutory appeal, we believe that in appropriate circumstances newly-discovered evidence could justify the trial court's reconsideration of its earlier ruling. Here, however, the evidence that the prosecution now wishes to adduce was available at the first hearing, but the district attorney made a tactical decision not to present it.