JUSTICE GABRIEL, dissenting.
¶21 We granted certiorari to decide whether the division below erred in concluding that, on remand, the trial court could not consider additional arguments regarding whether the exclusionary rule requires evidence to be suppressed. The majority now concludes that the division erred in restricting the trial court's discretion to entertain such additional arguments (and also additional evidence). Maj. op. ¶¶ 2, 19-20. In so ruling, the majority essentially concludes that whenever a court of appeals division orders a new trial based on an improperly denied defense suppression motion, the People are entitled to re-open the suppression hearing in order to present new evidence and arguments that they neglected to raise in the prior hearing. Because I believe that such a ruling is inconsistent with our settled precedent, and because this ruling will needlessly open the door to the relitigation of innumerable issues upon any remand for a new trial, I respectfully dissent.
I. Factual Background
¶22 In this case, the trial court conducted three evidentiary hearings on Morehead's motion to suppress and ultimately denied that motion in a lengthy order. In the course of the evidentiary hearings, the People vigorously contested the motion and were given a full and fair opportunity to present whatever evidence and to make whatever arguments they wished to make. Although the People presented a number of arguments against Morehead's motion, they did not argue that the evidence discovered during the execution of the later warrant-based search was admissible under the attenuation doctrine or because it would have been inevitably discovered, even though the evidence necessary to make these arguments was available and, indeed, was known to the People.
¶23 As the majority notes, the People prevailed in the trial court, but on appeal, the division reversed the trial court's order and remanded the case for a new trial. Now, having lost the fully and finally litigated suppression motion, the People seek to relitigate that motion by presenting arguments that they could have advanced-but chose not to advance-at the prior hearing. Unlike the majority, I do not believe that our precedent affords the People such a second bite at the apple.
II. Analysis
¶24 I begin by discussing our settled precedent in this area of law, and I then apply the pertinent legal principles to the facts of this case.
¶25 Under the law of the case doctrine, "prior relevant rulings made in the same case are to be followed unless such application would result in error or unless the ruling is no longer sound due to changed conditions." People v. Dunlap , 975 P.2d 723, 758 (Colo. 1999). Although trial courts have discretion to apply the law of the case doctrine to their own prior rulings, see id. ,"[t]he law of the case as established by an appellate court must be followed in subsequent proceedings before the trial court," People v. Roybal , 672 P.2d 1003, 1005 (Colo. 1983). This principle "serves the dual purpose of protecting against the reargument of settled issues and assuring the adherence of lower courts to the decisions of higher courts." Id.
*421 ¶26 Until today, we have consistently applied these principles in the context of suppression motions.
¶27 For example, in Roybal , 672 P.2d at 1004, the People brought an interlocutory appeal from a district court order suppressing a blood alcohol test from use as evidence in the retrial of a defendant on a vehicular assault charge. After the defendant had been involved in a traffic accident, the police noticed that he smelled of alcohol and placed him in a police car, where, after being advised of his Miranda rights, he gave a written statement about the accident. Id. The police then handcuffed and transported the defendant to the police station, where they administered a blood alcohol test. Id.
¶28 The defendant subsequently moved to suppress the statements that he had made, arguing, among other things, that they were the products of an illegal arrest. Id. He also filed two separate motions to suppress the evidence concerning the blood alcohol test, asserting a due process violation because the blood samples had been destroyed and contending that the evidence was inadmissible because he had not consented to that test. Id.
¶29 The trial court granted the defendant's motion to suppress his statements but denied the motions to suppress the blood test. Id. The prosecution then filed an interlocutory appeal in this court, and we held that the prosecution had not carried its burden of proving probable cause to justify the arrest. Id. We therefore affirmed the suppression of the defendant's statements as the products of an invalid arrest and remanded for further proceedings. Id.
¶30 On remand, the defendant moved to suppress the blood alcohol test as the fruit of an illegal arrest. Id. at 1005. The prosecution responded by seeking to relitigate the issue of probable cause, offering to present the testimony of witnesses who had not appeared at the earlier hearing. Id. Based on the law of the case doctrine, the trial court rejected this effort, and after a second interlocutory appeal, we affirmed. Id. at 1005-06. In doing so, we rejected the prosecution's argument-which mirrors one of the arguments that the People make here-that applying the exclusionary rule and denying a second hearing on probable cause would corrupt the truth-seeking process. Id. at 1006. We also noted that the prosecution had offered no explanation for why it did not present probable cause witnesses at the first hearing. Id. We thus concluded, "[U]nless suppression hearings are to be conducted 'by installment,' as the trial court put it, the prosecution must be prepared to abide the consequences of an adverse ruling when it elects not to offer available probative evidence." Id. This was particularly true given that the evidence that the prosecution subsequently wished to adduce was available at the time of the first hearing. Id. at 1006 & n.7.
¶31 We noted a similar principle in the more recent case of People v. Crippen , 223 P.3d 114, 116-17 (Colo. 2010). There, the district court had suppressed evidence seized during the execution of a search warrant at the defendant's home, finding that the affidavit in support of the warrant had failed to establish probable cause, and the People appealed. Id. at 115. Although we ultimately reversed the district court's order on the merits, we began by noting that the People initially sought reversal based on the good-faith exception to the exclusionary rule, an argument that the People had not made in the district court. Id. at 116-17. We stated, "We have ... long made clear ... that the good faith exception to the exclusionary rule must be asserted by the prosecution at the suppression hearing or reliance on it will be considered waived." Id. at 116. Noting that the prosecution had not alleged the applicability of the good-faith exception in the district court and that the district court therefore had not resolved this issue, we declined to address it on appeal. Id. at 116-17.
¶32 In my view, the principles set forth in these cases apply with equal force here. The People concede that all of the facts and evidence necessary to advance the arguments that they now wish to make were available to them at the time of the previous three-day suppression hearing. Yet, the People chose not to make these arguments, and they offer no compelling reason for their decision not to do so. In these circumstances, I would follow the principle that we articulated in Roybal over three decades ago: "[T]he prosecution *422 must be prepared to abide the consequences of an adverse ruling when it elects not to offer available probative evidence." Roybal , 672 P.2d at 1006.
¶33 Allowing the People instead to relitigate the suppression motion at issue by proffering new evidence and argument would improperly allow suppression hearings to be conducted by installment, and I do not believe that our precedent countenances such a result. Id. ; see also People v. Null , 233 P.3d 670, 681 (Colo. 2010) (refusing to give the prosecution "a second bite at the apple" when it failed to carry its burden of showing extraordinary circumstances to justify the failure to honor a DUI defendant's statutory right to receive a blood test).
¶34 To hold otherwise, as the majority does today, needlessly opens the door to the relitigation of a virtually unlimited range of issues, a result that I fear will impose an intolerable burden on our trial courts. For example, under the majority's rule, in any case in which the prosecution prevails in overturning on interlocutory appeal an order suppressing evidence, the defendant should be permitted to file new and potentially serial motions to suppress, advancing different arguments in support of suppression in the hope that one will eventually succeed. And if the defendant prevails on any such motion, then the People would be able to file further interlocutory appeals, all resulting in further and inordinate delays in the trial proceedings.
¶35 Likewise, it is not clear to me that the majority's new rule would be limited to suppression motions or even to criminal cases. If the granting of a new trial allows the parties to "start over," as the majority suggests, then in any case in which a new trial is ordered, the parties should be permitted to renew every motion that the trial court had previously decided, perhaps in front of a different district judge, in the hopes of getting a more favorable ruling.
¶36 Such scenarios strike me as contrary to our long-settled precedent on law of the case and on claim and issue preclusion. See Foster v. Plock , 2017 CO 39, ¶¶ 12-13, 394 P.3d 1119, 1122-23 (discussing the elements of claim and issue preclusion); Argus Real Estate, Inc. v. E-470 Pub. Highway Auth ., 109 P.3d 604, 608 (Colo. 2005) (noting that the claim preclusion doctrine precludes the relitigation of matters that have been decided or that could have been raised in a prior proceeding). As a result, I would not adopt the broad rule that the majority announces today.
¶37 In reaching this conclusion, I am not persuaded by the People's contention that a rule barring them from relitigating on remand a suppression motion that they lost after being given a full and fair opportunity to litigate will be problematic because it will force them to raise all of their arguments the first time. I perceive no significant or unfair burden in this. Indeed, such a requirement is fully consistent with the above-described principles of the law of the case doctrine and of claim and issue preclusion. Moreover, parties frequently must make strategic choices as to the arguments that they will present in support of or in opposition to a given motion. As we have long recognized, however, a party cannot make such strategic choices and then seek to try an alternative strategy merely because his or her first choice proved unsuccessful. Roybal , 672 P.2d at 1006.
III. Conclusion
¶38 The People had a full and fair opportunity to litigate Morehead's suppression motion, and they have not shown either changed circumstances or any evidence that they did not know and reasonably could not have discovered prior to the suppression hearing. In these circumstances, our settled precedent leads me to conclude that the People should not be permitted to relitigate the suppression motion at issue in order to present arguments that they could have presented when the matter was previously and fully heard.
¶39 Accordingly, I would affirm the judgment of the division below, albeit on different grounds, and therefore respectfully dissent.
I am authorized to state that JUSTICE HOOD joins in this dissent.