20CA1183 Gold Medal v Byers Peak 11-24-2021 modified COLORADO COURT OF APPEALS Court of Appeals No. 20CA1183 Grand County District Court No. 14CV30133 Honorable Mary C. Hoak, Judge Gold Medal Ranch, LLC, Plaintiff-Appellee, v. Byers Peak Downhill Properties, LLC, Byers Peak Properties, LLC, C. Clark Lipscomb, Meredith C. Lipscomb, and Colorado Adventure Park, LLC, Defendants-Appellants. JUDGMENT AFFIRMED Division IV Opinion by JUDGE FREYRE J. Jones and Tow, JJ., concur Opinion Modified and Petition for Rehearing DENIED NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced November 24, 2021 The Whitmer Law Firm, LLC, Kent H. Whitmer, William G. Berry, Hot Sulphur Springs, Colorado, for Defendants-Appellants Campbell, Wagner, Frazier & Dvorchak, LLC, Michael O. Frazier, Kirsten M. Dvorchak, Joel A. Richardson, Greenwood Village, Colorado, for Plaintiff-
Appellee 
OPINION is modified as follows: Added footnote on page 12 reads: 3 Byers Peak asserts in their petition for rehearing that their argument about three alleged mapping errors was preserved for appeal because the locations of trails and roads were contested throughout the bench trial. They also assert that the Gold Medal I division found the errors preserved. As to the latter assertion, the division found the burden of proof issue preserved, Gold Medal Ranch, LLC v. Byers Peak Downhill Props., LLC, slip op. at ¶ 70 (Colo. App. No. 18CA1263, Oct. 17, 2019) (not published pursuant to C.A.R. 35(e)), and the interpretation of the easement agreement preserved, id. at ¶¶ 20-22. We disagree that the remand language “including the three alleged mapping errors” constitutes a preservation finding. We are also not convinced that the argument related to the facial inconsistencies between Exhibits 18 and U was sufficiently specific to preserve the argument about the three alleged mapping errors for our review. See Vikell Invs. Pac., Inc. v. Hampden, Ltd., 946 P.2d 589, 596 (Colo. App. 1997) (“[C]ounsel must state the specific grounds of his or her objections for consideration of the court and only the grounds so specified shall be considered on appeal.”) (citation omitted). These alleged errors were never brought to the court’s attention as necessitating a ruling and were mentioned for the first time in the post-judgment motion. Moreover, Exhibit U-D, attached to the closing argument but never admitted at trial, could not properly be considered by the trial court. See Acierno ex rel. Acierno v. Garyfallou, 2016 COA 91, ¶ 32 (closing arguments are not evidence); see also Boulder Plaza Residential, LLC v. Summit Flooring, LLC, 198 P.3d 1217, 1222 (Colo. App. 2008) (declining to consider document that was not admitted into evidence at trial). Nor may we consider it on appeal. See McCall v. Meyers, 94 P.3d 1271, 1272 (Colo. App. 2004) (our review is limited to the record provided on appeal). 
1 ¶ 1 This easement dispute returns to us following a remand to the trial court for new findings of fact. The division in Gold Medal Ranch, LLC v. Byers Peak Downhill Props., LLC, (Colo. App. No. 18CA1263, Oct. 17, 2019) (not published pursuant to C.A.R. 35(e)) (Gold Medal I), instructed the trial court to identify the location of roads and trails subject to the 1974 easement agreement after allocating the proper burden of proof to the plaintiffs. Defendants, Byers Peak Downhill Properties, LLC; Byers Peak Properties, LLC; C. Clark Lipscomb; Meredith C. Lipscomb; and Colorado Adventure Park, LLC (collectively, Byers Peak), appeal the trial court’s new findings and its judgment in favor of plaintiff, Gold Medal Ranch, LLC (Gold Medal). We affirm. I. Background ¶ 2 This appeal arises from a dispute concerning an easement agreement created in 1974 granting the owners of the East Ranch (owned by Byers Peak) and the West Ranch (owned by Gold Medal) the right to use and enjoy all roads and trails then existing on the properties in the manner that they had been “customarily used.” During the litigation, the trial court was tasked with interpreting the easement agreement and identifying the roads and trails that 
2 existed and were used in 1974. The parties offered different survey maps depicting the roads and trails that they contended were subject to the easement agreement. After hearing testimony and reviewing the competing survey maps, the court found that Byers Peak had not proved by a preponderance of the evidence that the additional roads and trails identified on its survey map (Exhibit U) were in use before or in 1974. Instead, it found that Gold Medal’s survey map (Exhibit 18) depicted all the roads and trails that existed on the two properties in 1974 when the easement agreement was created. ¶ 3 On appeal, the Gold Medal I division held that the trial court had misallocated the burden of proof to Byers Peak to prove the location of the roads and trails in 1974 and that the burden of proof resided with Gold Medal. No. 18CA1263, slip op. at ¶ 78. Because this error was not harmless, the division reversed the trial court’s factual findings related to the location of the roads and trails and remanded the case for the court to allocate the burden of proof to Gold Medal and to make new factual findings under the properly allocated burden of proof. Id. at ¶¶ 79-80. The remand applied to the “court’s order relating to the location of roads and trails, 
3 including issues raised by Byers Peak about the purported errors on Gold Medal’s survey.” Id. at ¶ 80. The division declined to order a new trial and, instead, directed the trial court to make new factual findings based on the existing trial record. Id. at ¶ 69. The division also reversed the judgment prohibiting real estate development, but it affirmed the judgment in all other respects. Id. at ¶ 94. ¶ 4 On remand, the trial court made the following factual findings: The established roads and trails that existed on the Byers Peak Ranch on December 18, 1974, are depicted on Exhibit 18. [Gold Medal] proved to this Court by a preponderance of the evidence that the roads and trails found on Exhibit 18 are the roads and trials that were in use prior to 1974. Although Exhibit 18 is a survey performed well after 1974, the established roads and trails did not change between 1974 and the time of the survey. [Gold Medal] proved to this Court by a preponderance of the evidence that the roads and trails found on Exhibit U are not the roads and trails in use in or prior to 1974. There were not significant trails and roads on the ranch prior to 1974 and after, other than the Access Road and the spur. Many of the trails the Defendants claim are roads and trails in use on the West Ranch prior to 1974 are only cow trails, i.e., paths made by cattle not by humans or they are trails used for logging after the turn of the most recent century, well after 1974, to rid the ranch of beetle kill trees. Mr. 
4 Kervin, [Byers Peak’s] expert, plotted the trails and roads on Exhibit U and while he testified some of them look old, he could not testify that any of them existed in 1974 or before and there is no evidence before this Court that the roads and trails, aside from the Byers Peak Access Road and the spur, existed in 1974 or before. Mr. Kervin also agreed that some of the roads he found could be trails made by logging trucks when the West Ranch was extensively logged in approximately 2010 and that some of the hiking trails could be cow paths from cattle on the property. [Gold Medal’s] expert, Tim Shenk, was more persuasive in his testimony regarding the roads and trails in place in 1974, than the Defendant’s expert, Mike Kervin. The same is true of the non-expert witnesses put forth by [Gold Medal] regarding the roads and trails in 1974 and before. These witnesses, such as Donald K. Norgren and Pamela Powell, were on the ranch in 1974 and before and testified as to the existence of the roads and trails on the Byers Peak Ranch at that time. Their testimony was in accord with Exhibit 18, not Exhibit U. ¶ 5 Byers Peak now appeals the trial court’s factual findings after remand and contends that the court did not comply with Gold Medal I’s mandate because it (1) misallocated the burden of proof and (2) failed to address the alleged mapping errors in Exhibit 18. We address and reject each contention. 
5 II. The “Mandate Rule” ¶ 6 The requirement that the trial court comply with a prior appellate ruling is called the mandate rule. Hardesty v. Pino, 222 P.3d 336, 339 (Colo. App. 2009). Under the mandate rule, the trial court must follow the law of the case as established by the appellate court. People v. Roybal, 672 P.2d 1003, 1005 (Colo. 1983). While the trial court has discretion to deviate from its own prior rulings in a case, it has no discretion to disregard a prior appellate ruling. Hardesty, 222 P.3d at 340. ¶ 7 We review de novo whether the trial court complied with the court of appeals’ mandate on remand. Thompson v. Catlin Ins. Co. (UK) Ltd., 2018 CO 95, ¶ 20. But we review the court’s post-remand factual findings for clear error, “meaning that we won’t disturb such findings if there is any evidence in the record supporting them.” Woodbridge Condo. Ass’n v. Lo Viento Blanco, LLC, 2020 COA 34, ¶ 24, aff’d, 2021 CO 56. A. Additional Facts ¶ 8 Before purchasing the West Ranch in the fall of 2013, Gold Medal hired survey expert Tim Shenk to complete a survey of the ranch. Shenk prepared an American Land Title Association survey 
6 of the West Ranch depicting boundary lines, easements associated with property, access points, and other significant features, such as rivers and buildings. As part of the survey, Shenk created Exhibit 18 to combine all the survey results into one map. ¶ 9 At trial, Shenk testified that Exhibit 18 depicts all significant roads or trails on the West Ranch then existing in the fall of 2013. He did not include any “little,” or internal, roads or trails that came off the access road because it was questionable whether they could be considered roads. Many of these internal roads were attributed to logging activity that occurred after 1974 to rid the ranch of beetle kill trees. When asked if he could determine whether a road or trail on the property existed in 1974, Shenk assumed that the access road existed in 1974 based on documents he saw during the survey. But he was not willing to say that any other road or trail on the property existed in 1974. He further opined that it would be presumptuous to survey roads and trails in the present and overlay that survey with historical aerial photographs to determine the roads or trails that existed previously. ¶ 10 Byers Peak’s survey expert, Mike Kervin, prepared Exhibit U in the spring of 2015 with the objective of identifying all existing two-
7 track and one-track roads and trails on the West Ranch. During his testimony, Kervin refused to opine on whether any of the roads and trails on Exhibit U existed in 1974. He was also unable to determine whether the two-track roads were the result of logging or whether the one-track trails were hiking trails or cow paths.
1 A geographic information systems expert overlaid Exhibit U on historical aerial photographs of the West Ranch from 1975 to 2004 to show where the roads and trails aligned with missing vegetation. ¶ 11 Donald Norgren, the prior owner of the East Ranch and the party who entered into the 1974 easement agreement with the prior owner of the West Ranch, testified about his prior use of the West Ranch. He also said that Exhibit 18 was an accurate depiction of the roads and trails that existed in 1974. Moreover, he testified that he did not use any other roads or trails not depicted in Exhibit 18. ¶ 12 Additionally, Pamela Powell, the granddaughter of the prior owner of the West Ranch in 1974, testified that Exhibit 18 accurately depicted the roads and trails that existed in 1974 and 1 The East Ranch and the West Ranch were operated as small-scale commercial cattle operations from the late 1940s to 2007. 
8 said those roads and trails were the only ones used by the East Ranch owners. Norgren and Powell were not questioned about Exhibit U. B. Burden of Proof ¶ 13 Byers Peak first contends that the trial court did not apply the proper burden of proof because Gold Medal failed to prove a negative by a preponderance of the evidence — that the roads and trails depicted in Exhibit U did not exist in 1974. However, the mandate did not require Gold Medal to prove the negative. Rather, it required the court to determine whether Gold Medal proved by a preponderance of the evidence the location of the roads and trails in use in 1974, based on the existing trial record. Indeed, Gold Medal I specifically declined to order a new trial or to permit the trial court to take new evidence that would permit Gold Medal to prove that negative. Therefore, we conclude, for three reasons, that the trial court correctly applied the burden of proof based on its new factual findings. ¶ 14 First, neither Shenk nor Kervin surveyed the West Ranch to locate all the roads and trails that existed in 1974. Shenk created Exhibit 18 for the sale of the West Ranch in 2013, and Kervin 
9 created Exhibit U to identify all roads and trails in existence and in use in 2015. Exhibit U depicted more roads and trails on the West Ranch, but Kervin could not determine which, if any, roads and trails were used in 1974, and he agreed that it was possible that the roads and trails shown on Exhibit U could have been logging roads or cow paths. ¶ 15 Shenk testified that because the property underwent extensive logging, many of the internal roads and trails resulted from that activity. The only road Shenk was willing to assume existed in 1974 was the access road because of documents he reviewed during the course of his survey. This evidence supports the trial court’s finding that the additional roads and trails depicted in Exhibit U were not in use in 1974 but, instead, were cow paths or trails used for logging. ¶ 16 Second, the trial court found Shenk’s testimony more persuasive than Kervin’s. And it is for the trier of fact alone to determine the persuasive effect of the evidence. See Metro Moving & Storage Co. v. Gussert, 914 P.2d 411, 414 (Colo. App. 1995). ¶ 17 Third, Norgren and Powell, who lived on and used the ranches in 1974, testified that Exhibit 18 was an accurate depiction of the 
10 roads and trails in use by the owners of the East Ranch in 1974. Norgren also testified that there were no additional roads or trails that were not depicted in Exhibit 18. ¶ 18 Because the trial court’s factual findings are supported by the record, we discern no error in those findings or any legal error in the court’s allocation of the burden of proof.
2 C. Purported Mapping Errors ¶ 19 Byers Peak next contends that the trial court did not comply with the mandate because it did not make specific findings concerning three alleged mapping errors in Exhibit 18. It asserts that the Gold Medal I division, using the following language, directed the trial court to specifically address these errors in its new factual findings: We remand the case to the trial court to make new factual findings consistent with the proper allocation of the burden of proof. This remand applies to the portion of the trial court’s order relating to the location of roads and trails, 2 Byers Peak also contends that the trial court misallocated the burden of proof when the court found that its recreational uses of the roads and trails were prohibited. However, this argument is beyond the limited scope of the remand, so we will not consider it. See People v. Notyce, 2014 COA 52, ¶ 2. 
11 including issues raised by Byers Peak about the purported errors on Gold Medal’s survey. Gold Medal I, No. 18CA1263, slip op. at ¶ 80. ¶ 20 Even assuming this language required the trial court to address the purported errors in its new findings, we conclude that Byers Peak did not preserve this issue.
3 3 Byers Peak asserts in their petition for rehearing that their argument about three alleged mapping errors was preserved for appeal because the locations of trails and roads were contested throughout the bench trial. They also assert that the Gold Medal I division found the errors preserved. As to the latter assertion, the division found the burden of proof issue preserved, Gold Medal Ranch, LLC v. Byers Peak Downhill Props., LLC, slip op. at ¶ 70 (Colo. App. No. 18CA1263, Oct. 17, 2019) (not published pursuant to C.A.R. 35(e)), and the interpretation of the easement agreement preserved, id. at ¶¶ 20-22. We disagree that the remand language “including the three alleged mapping errors” constitutes a preservation finding. We are also not convinced that the argument related to the facial inconsistencies between Exhibits 18 and U was sufficiently specific to preserve the argument about the three alleged mapping errors for our review. See Vikell Invs. Pac., Inc. v. Hampden, Ltd., 946 P.2d 589, 596 (Colo. App. 1997) (“[C]ounsel must state the specific grounds of his or her objections for consideration of the court and only the grounds so specified shall be considered on appeal.”) (citation omitted). These alleged errors were never brought to the court’s attention as necessitating a ruling and were mentioned for the first time in the post-judgment motion. Moreover, Exhibit U-D, attached to the closing argument but never admitted at trial, could not properly be considered by the trial court. See Acierno ex rel. Acierno v. Garyfallou, 2016 COA 91, ¶ 32 (closing arguments are not evidence); see also Boulder Plaza 
12 ¶ 21 The trial record reveals that Byers Peak never alleged mapping errors when it stipulated to the admission of Exhibit 18 before trial, that counsel never questioned Shenk about these alleged errors during cross-examination, and that Byers Peak never argued the alleged errors in its closing argument briefs. Instead, Byers Peak raised the alleged mapping errors for the first time in a post-trial motion. Indeed, the court’s order denying Byers Peak’s postjudgment motion noted that Byers Peak “cite[d] no authority in their motion or their reply that would allow a Court to alter a trial exhibit in a post-trial motion.” It also did not find that Shenk had made errors in the survey in Exhibit 18 and, instead, found that Exhibit 18 was “a detailed document that is a precise survey of the properties at the heart of this matter.” Finally, the trial court stated that it would “not now find the existence of other roads on the parties’ property under the guise of correcting errors on an exhibit.” Residential, LLC v. Summit Flooring, LLC, 198 P.3d 1217, 1222 (Colo. App. 2008) (declining to consider document that was not admitted into evidence at trial). Nor may we consider it on appeal. See McCall v. Meyers, 94 P.3d 1271, 1272 (Colo. App. 2004) (our review is limited to the record provided on appeal). 
13 ¶ 22 Because Byers Peak failed to timely raise these alleged errors before the trial court entered a final judgment, they are not preserved for our review. See Briargate at Seventeenth Ave. Owners Ass’n v. Nelson, 2021 COA 78M, ¶ 66 (“Arguments made, as here, for the first time in a post-trial motion are too late and, consequently, are deemed waived for purposes of appeal.”). III. Conclusion ¶ 23 The judgment is affirmed. JUDGE J. JONES and JUDGE TOW concur.